**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. PIPER L. STERLING,<br><br>Plaintiff,<br><br>v.<br><br>1. COXCOM, LLC d/b/a COX COMMUNICATIONS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-15-1377<br><br>**ATTORNEY LIEN CLAIMED**<br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

Plaintiff PIPER L. STERLING, by and through her counsel of record, STOCKTON LAW GROUP, PLLC, respectfully files this First Amended Complaint against Defendant COXCOM, LLC d/b/a COX COMMUNICATIONS, as follows:

**THE PARTIES**

1. Plaintiff Piper L. Sterling ("**Plaintiff**" or "**Sterling**") is an individual adult female who was formerly employed by Defendant.

2. Defendant CoxCom, LLC d/b/a Cox Communications ("**Defendant**" or "**Cox Communications**") is a foreign for-profit limited liability company that conducts business in Oklahoma County, Oklahoma.

**JURISDICTION & VENUE**

3. This civil action arises from Plaintiff's former employment with Defendant and is based on claims of disability discrimination, harassment, failure to accommodate, and/or retaliation in violation of the Americans with Disabilities Act ("**ADA**") (as amended by the ADA Amendments Act of 2008), 42 U.S.C. § 12101, *et seq*.

4. Jurisdiction over Plaintiff's federal cause of action is vested in this Court under 28 U.S.C. § 1331.

5. Plaintiff exhausted her administrative remedies by submitting to the Equal Employment Opportunity Commission ("**EEOC**") an Intake Questionnaire dated September 24, 2014 (and received by the EEOC on September 26, 2014), and a Charge of Discrimination dated October 25, 2014 (and received by the EEOC on October 28, 2014). Plaintiff then submitted an Amended Charge of Discriminated dated April 15, 2015 (and received by the EEOC on April 24, 2015). The EEOC issued its Dismissal and Notice of Rights letter dated September 28, 2015. Plaintiff hereby files this action within ninety (90) days of receipt of her Dismissal and Notice of Rights letter from the EEOC.

6. Defendant conducts business in Oklahoma County, Oklahoma and may be served in Oklahoma County, Oklahoma. Furthermore, all acts complained of in this Complaint occurred in Oklahoma County, Oklahoma. Because Oklahoma County, Oklahoma is located within the Western District for the United States District Courts of Oklahoma, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Plaintiff Piper Sterling began working for Defendant Cox Communications, during her second term of employment, on or about December 6, 2013, as a NSC Technical Specialist I.

8. Sterling was previously employed with Cox Communications from 2006-2007.

9. Sterling suffers from irritable bowel syndrome ("**IBS**"), a gastrointestinal disorder that affects the large intestine and commonly causes cramping, abdominal pain, bloating, gas, diarrhea, and/or constipation, among other symptoms.

10. As a result of her IBS, Sterling was a qualified individual with a disability within the meaning of the ADA because she was disabled, had a record of a disability, or was perceived as disabled by Cox Communications. Sterling's IBS substantially limited one or more of her daily life activities.

11. During her employment, Cox Communications subjected Sterling to unfair and unlawful treatment because of her disability.

12. On or about August 25, 2014, Sterling requested a reasonable accommodation from Cox Communications because of her IBS. Later, on or about September 8, 2014, Sterling's doctor signed a note indicating that Sterling needed frequent bathroom breaks because of her IBS. Specifically, her doctor stated that Sterling needed restroom breaks approximately every 30 minutes, presumably when her IBS flared up.

13. IBS, however, is not a constant condition that would have required a restroom break every 30 minutes without fail. Rather, IBS may flare up under certain conditions, including stress or due to dietary conditions. At other times, it may not flare up at all.

14. At all times, Sterling was able to perform the essential functions of her job with this reasonable accommodation. While Sterling needed restroom breaks, as all employees do, she was able to continue working as an NSC Technical Specialist I on the telephones with these breaks. Thus, Sterling was still able to take phone calls and assist customers, part of her job duties, with these restroom breaks.

15. And, of course, it was not certain that Sterling would need breaks every 30 minutes despite her doctor's recommendation. Thus Cox Communications could have, but chose not to, allow additional time to see how IBS would work with Sterling's duties.

16. Cox Communications, however, refused to accommodate Sterling's disability. Instead, it retaliated against her for requesting it by placing her on an unpaid leave of absence on or about September 21, 2014.

17. Sterling did not request, and did not want, to be placed on an unpaid leave of absence. Rather, Sterling desired to continue working for Cox Communications.

18. After she was placed on an unpaid leave of absence, Sterling sought other positions with Cox Communications. She applied for at least 12 positions from on or about September 23, 2014 until on or about November 24, 2014.

19. Sterling sought a broad array of positions, including Supervisor with Cox Business Support, CB Access Transport Technician, CB Fulfillment Technician I, ROC Specialist I, Data Analyst II, Solutions Specialist, Supervisor in Marketing & Client Solutions, IP Engineer III, National Sales Help Desk Agent, Manager for Inbound Sales, Administrative Specialist II, Director, and Training & Organizational Development Residential Sales. Sterling was qualified for one or more of these positions.

20. Cox Communications admits that she was qualified for her September 23, 2014 submission to ROC Specialist I but it chose other applicants instead of Sterling.

21. Thus, Cox Communications failed and/or refused to hire Sterling for any of the positions she sought.

22. The reason Cox Communications failed and/or refused to hire or transfer Sterling was because of her disability and/or her request for a reasonable accommodation.

23. Sterling was effectively discharged from her employment because of her disability and was forced to seek employment elsewhere.

24. As a result of Cox Communication's unlawful conduct, Sterling has suffered damages.

## THEORY OF RECOVERY: AMERICANS WITH DISABILITIES ACT OF 1991

Plaintiff incorporates all prior allegations and further alleges and states as follows:

25. The matters alleged above constitute disability discrimination, failure to accommodate, harassment, and/or retaliation in violation of the ADA (as amended by the ADA Amendments Act of 2008), 42 U.S.C. § 12101, *et seq*.

26. Plaintiff is disabled under the ADA in that she was disabled, regarded as disabled, and/or had a record of a disability. Plaintiff is also substantially limited in one or more major life activities, including her gastrointestinal functions. Plaintiff could, at all times relevant to this action, perform the essential functions of her job with reasonable accommodations.

27. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income (past and future), emotional distress, and other damages, and has incurred attorney's fees and costs.

28. Because Defendant's actions were willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant and assess compensatory damages including but not limited to back pay, future wages, emotional distress damages, and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees, and all other relief as this Court may deem equitable and appropriate and allowed by law.

Respectfully submitted,

s/ Joshua C. Stockton

Joshua C. Stockton, OBA # 21833
STOCKTON LAW GROUP, PLLC
1221 S. Holly Avenue
Yukon, OK 73099
Phone: (405) 354-1120
stocktonlawgroup@gmail.com
***Attorney for Plaintiff***
***Piper L. Sterling***

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Lauren Barghols Hanna, OBA #21594
Philip R. Bruce, OBA #30504
lauren.hanna@mcafeetaft.com
philip.bruce@mcafeetaft.com
**Attorneys for Defendant**

s/ Joshua C. Stockton
JOSHUA C. STOCKTON