# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PIPER L. STERLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-1377-D |
| ) | |
| COXCOM, LLC d/b/a ) | |
| COX COMMUNICATIONS, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant Cox Communications' ("Cox") Motion to Dismiss [Doc. No. 9], to which Plaintiff Piper Sterling ("Sterling") has responded [Doc. No. 10]. The matter is fully briefed and at issue.

## BACKGROUND

The present action arises from Sterling's former employment with Cox and is based on claims of disability discrimination in violation of the Americans with Disabilities Act ("ADA"). Amend. Compl., ¶ 3 [Doc. No. 8]. The following facts are taken from Sterling's Amended Complaint and viewed in the light most favorable to her. *See Jordan-Arapahoe, LLP v. Bd. of Cty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011) ("When considering a motion to dismiss for failure to state a claim, a court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff.") (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)).

Sterling worked for Cox as a "NSC Technical Specialist I." Amend. Compl., ¶ 7. She suffers from Irritable Bowel Syndrome (IBS), a painful, non-life-threatening condition involving the accumulation of gas in the colon. *Id.* ¶ 7. In August 2014, Sterling sought an accommodation from Cox due to her IBS. Sterling's doctor also submitted a note on her behalf, indicating that she needed frequent bathroom breaks, approximately every thirty minutes, because of her condition. *Id.* ¶ 12. Sterling was still able to perform her job with the breaks. *Id.* ¶ 14. Cox, however, denied Sterling's request. Instead, Cox placed her on involuntary unpaid leave of absence. *Id.* ¶ 16. After she was placed on leave, Sterling sought other positions with Cox regarding which she felt qualified to perform, applying for at least twelve within a three-month span. *Id.* ¶¶ 18, 19. She was not hired for any of them. *Id.* ¶ 21. Sterling eventually left Cox to seek employment elsewhere. Sterling alleges the reason Cox placed her on unpaid leave and failed to consider her for another position was because of her IBS and request for an accommodation. *Id.* ¶ 22. For the above allegations, she requests compensatory damages including but not limited to back pay, future wages, and punitive damages, together with pre-and post-judgment interest, costs, attorney's fees, as well as such further appropriate relief.

Cox contends Sterling has not alleged specific facts sufficient to support a claim upon which relief can be granted under the ADA. Specifically, Cox contends the

Complaint is deficient in that it fails to state (1) the IBS symptoms Sterling experienced, (2) the major life activities that were substantially limited by her IBS, (3) her job duties, (4) the duration of the requested bathroom breaks, (5) the duties of the other positions she sought, (6) how she was qualified for the other positions, and/or (7) how placement in any of the other positions would have constituted a "reasonable accommodation" as a matter of law. Mot. to Dismiss at 2-3.

## STANDARD OF DECISION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing

*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The court of appeals has further noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *See id.* (quoting *Robbins*, 519 F.3d at 1248). "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id.* (quoting *Robbins*, 519 F.3d at 1247). Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 679). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Lastly, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

In reviewing a motion to dismiss, the Court neither assesses the legal feasibility of the complaint, nor does it weigh the evidence which might be offered at trial. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011). Granting a motion to dismiss is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001) (internal quotation marks omitted)). "Thus, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

## DISCUSSION

The above standard operates as a reminder – or perhaps more appropriate, a caveat – that, at this stage, Sterling only has the burden of *pleading* rather than *proving* a cognizable cause of action under the ADA. She is under no obligation to try her case on a motion to dismiss. *Glover v. Mabrey*, 384 F. App'x 763, 772 (10th Cir. 2010) (unpublished); *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden."); *see also Jurczyk v. Cox Commc'ns Kansas, LLC*, No.

14–CV–454–TCK–FHM, 2015 WL 84758, at *3 (N.D. Okla. Jan. 7, 2015) (predicting Tenth Circuit would "not require a plaintiff 'to go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations' at the pleading stage") (citations omitted); *Musick v. Arvest Bank Operations, Inc.*, No. CIV-05-716-HE, 2005 WL 2620554, at *2 (W.D. Okla. Oct. 14, 2005) ("A plaintiff alleging an ADA claim also is not required, in the Tenth Circuit, to plead the major life activity she asserts was impaired.") (citing *Poindexter v. Atchison, Topeka and Santa Fe R.R. Co.*, 168 F.3d 1228, 1232 (10th Cir.1999)).

The ADA provides in part that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). The statute recognizes distinct causes of action for discrimination and failure to hire based on disability.[1] To state a prima facie case of discrimination under the ADA, Sterling must allege that (1) she is disabled within the meaning of the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of her job or the desired job; and (3) she was discriminated against because of her disability.

---

[1] Although Sterling's Amended Complaint states it "is based on claims of disability discrimination, harassment, failure to accommodate, and/or retaliation in violation of the [ADA]," Amend. Compl. ¶ 3, her response brief indicates she intends to only pursue claims of discrimination and failure to hire. Pl. Resp. at 13-21. Plaintiff's response only addresses the foregoing claims and the Court will accordingly limit its order to the viability of those two causes of action.

*Osborne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1266 (10th Cir. 2015). Virtually the same elements apply to a failure to hire claim. To establish a prima facie case, Sterling must show (1) she is disabled within the meaning of the ADA; (2) she is qualified, that is, able to perform the essential functions of the job, with or without reasonable accommodation; and (3) Cox failed to hire her under circumstances which give rise to an inference that such failure to hire was based on her disability. *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997).

The ADA broadly defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The Tenth Circuit has found that this definition contains three elements. *Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 1129 (10th Cir. 2003). "First, the plaintiff must have a recognized impairment; second, the plaintiff must identify one or more appropriate major life activities; and third, the plaintiff must show that the impairment substantially limits one or more of those activities." *Doebele*, 342 F.3d at 1129. "The plaintiff 'must articulate with precision the impairment alleged and the major life activity affected by that impairment.'" *Id.*

(quoting *Poindexter*, 168 F.3d at 1232).² Whether an individual is "disabled" under the ADA is determined on a case-by-case basis. *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999).

Although the present case presents a close call, after carefully reviewing Cox's motion, the allegations of the Amended Complaint, and the elements of the claims at issue, the Court finds the motion should be denied. Sterling alleges that, by virtue of her IBS, she was disabled within the meaning of the ADA but was qualified to perform her job and the positions for which she applied. She further alleges that Cox had notice of such disability, yet it discriminated against her by placing her on involuntary unpaid leave and refused to hire her for other positions, eventually forcing her resignation. As noted, at this preliminary stage of the litigation, the burden is on the plaintiff to adequately plead, not prove, her claim. The complaint, as amended, provides Cox with fair notice of Sterling's claim and the grounds upon which it rests. Whether that claim has any merit is a determination to be made another day, after a more developed factual record. The Court's function is not to weight the evidence but to determine whether Sterling has set forth a plausible claim for relief. To that end, Sterling has set forth a minimal showing of a cause of action under the ADA.

---

²Although this statement may seem contradictory to the earlier decisions regarding a plaintiff's burden at the pleading stage, *Doebele* was decided after summary judgment briefing was submitted to the district court.

Accordingly, Cox's Motion to Dismiss is denied.

## CONCLUSION

Accordingly, Cox's Motion to Dismiss [Doc. No. 9] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 13th day of May, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE